IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| CHAMBER OF COMMERCE OF THE UNITED STATES OF AMERICA; FORT WORTH CHAMBER OF COMMERCE; LONGVIEW CHAMBER OF COMMERCE; AMERICAN BANKERS ASSOCIATION; CONSUMER BANKERS ASSOCIATION; and TEXAS ASSOCIATION OF BUSINESS,<br><br>                Plaintiffs,<br><br>v.<br><br>CONSUMER FINANCIAL PROTECTION BUREAU; and ROHIT CHOPRA, in his official capacity as Director of the Consumer Financial Protection Bureau,<br><br>                Defendants. | Case No. 4:24-CV-213-P |

**PLAINTIFFS' MOTION FOR EXPEDITED CONSIDERATION OF PRELIMINARY-INJUNCTION MOTION BEFORE COURT DETERMINES CONVENIENCE-BASED VENUE ISSUES**

Plaintiffs respectfully move the Court for a decision on their fully-briefed motion for preliminary injunction (ECF No. 3) enjoining the Consumer Financial Protection Bureau and Director Rohit Chopra from enforcing, applying, or implementing the March 5, 2024 final rule regarding Credit Card Penalty Fees before this Court takes up the issue of venue. *See* Credit Card Penalty Fees (Regulation Z) (released Mar. 5, 2024 and published March 15, 2024 in the Federal Register), https://www.federalregister.gov/documents/2024/03/15/2024-05011/credit-card-penalty-fees-regulation-z. As fully explained in the briefing on that motion, Plaintiffs have

1

shown that they are likely to prevail on the merits; Plaintiffs and their members will suffer irreparable harm absent the requested injunctive relief; and the balance of equities and public interest considerations favor an order of preliminary injunction.

Expedited relief is necessary because the final rule will be effective on May 14, 2024, and because under the unusual circumstances here, credit card issuers must, and indeed already have begun, complying with its dictates.  Specifically, affected credit card issuers (representing an estimated 95% of the credit card market in this country) need to print new inserts and disclosures for any new credit cards issued after that date.  For any individual bank, such a project would typically take at least 4 months to complete.  For nearly the entire industry to do so at once will take a much longer time.  Such issuers must also print and mail new disclosures to provide consumers at least 45 days' notice before they can make any corresponding changes to attempt to mitigate the damages caused by the Final Rules.

Though Plaintiffs are mindful of the burden expedited consideration puts on the Court (and for that reason did not seek a temporary restraining order when it initially filed this case), Defendants' actions threaten immediate and irreparable harm such that their requested relief will have been effectively denied and they will be compelled to seek appellate review if Plaintiffs do not receive a ruling on their Motion for Preliminary Injunction (ECF No. 3) by this Friday, one week before they must provide printed notice to millions of customers..

Plaintiffs acknowledge that this Court has asked for supplemental briefing on the question of a potential transfer of venue under 28 U.S.C. 1404(a) and has invited Defendants to submit a motion pursuant to that provision.  Plaintiffs respectfully submit that it would be an abuse of discretion to deny relief on their already fully briefed motion for preliminary injunction based on a discretionary issue of venue that has not been raised by Defendants.  And for the

reasons explained in the accompanying brief, Plaintiffs further respectfully submit that such transfer would also be unwarranted, and they will submit a brief as requested by the Court in accordance with the Court's schedule.

    WHEREFORE, for the reasons set forth in the accompanying brief, Plaintiffs respectfully request that the Court expedite its consideration of the Plaintiffs' preliminary injunction motion and issue a preliminary injunction enjoining the Defendants from enforcing, applying, or implementing the final rule against Plaintiffs members anywhere within the Department's jurisdiction.  If this Court denies such an injunction, Plaintiffs respectfully request an injunction pending appeal.

Dated:  March 19, 2024

Respectfully submitted,

/s/ Michael Murray
Michael Murray
D.C. Bar No. 1001680
*Admitted Pro Hac Vice*
michaelmurray@paulhastings.com
Tor Tarantola
D.C. Bar No. 1738602
*Admitted Pro Hac Vice*
tortarantola@paulhastings.com
PAUL HASTINGS LLP
2050 M Street NW
Washington, DC 20036
(202) 551-1730

/s/ Philip Vickers
Philip Vickers
Texas Bar No. 24051699
pvickers@canteyhanger.com
Derek Carson
Texas Bar No. 24085240
dcarson@canteyhanger.com
CANTEY HANGER LLP
600 West 6th Street, Suite 300
Fort Worth, TX 76102
(817) 877-2800
**Attorneys for Plaintiffs**

3

Thomas Pinder
D.C. Bar No. 451114
*Admitted Pro Hac Vice*
tpinder@aba.com
Andrew Doersam
D.C. Bar No. 1779883
*Admitted Pro Hac Vice*
adoersam@aba.com
AMERICAN BANKERS ASSOCIATION
1333 New Hampshire Ave. NW
Washington, DC 20036

***Attorneys for Plaintiff American Bankers Association***

Jennifer B. Dickey
D.C. Bar No. 1017247
*Admitted Pro Hac Vice*
Jdickey@uschamber.com
Maria C. Monaghan
D.C. Bar No. 90002227
*Admitted Pro Hac Vice*
mmonaghan@uschamber.com
U.S. CHAMBER LITIGATION CENTER
1615 H Street NW
Washington, DC 20062

***Attorneys for Plaintiff Chamber of Commerce of the United States of America***

**CERTIFICATE OF CONFERENCE**

I hereby certify that, on March 19, 2024, the undersigned conferred with Stephanie Garlock, counsel for Defendants, on the relief requested in this motion.  Ms. Garlock stated that Defendants are opposed.

/s/ Derek Carson
Derek Carson

**CERTIFICATE OF SERVICE**

I certify that on March 19, 2024, a true and correct copy of the foregoing document was served on counsel of record via this Court's ECF system.

/s/ Philip Vickers
Philip Vickers
