**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | |
|---|---|
| CHAMBER OF COMMERCE OF THE UNITED STATES OF AMERICA; FORT WORTH CHAMBER OF COMMERCE; LONGVIEW CHAMBER OF COMMERCE; AMERICAN BANKERS ASSOCIATION; CONSUMER BANKERS ASSOCIATION; and TEXAS ASSOCIATION OF BUSINESS, | |
| Plaintiffs, | Case No. 4:24-CV-213-P |
| v. | |
| CONSUMER FINANCIAL PROTECTION BUREAU; and ROHIT CHOPRA, in his official capacity as Director of the Consumer Financial Protection Bureau, | |
| Defendants. | |

**BRIEF IN SUPPORT OF PLAINTIFFS' MOTION FOR EXPEDITED
CONSIDERATION OF PRELIMINARY-INJUNCTION MOTION BEFORE COURT
DETERMINES CONVENIENCE-BASED VENUE ISSUES**

## TABLE OF CONTENTS

**Page**

INTRODUCTION ................................................................................................................... 1

ARGUMENT ......................................................................................................................... 3

    I.    PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION IS RIPE, AND PLAINTIFFS ARE IN NEED OF IMMEDIATE RELIEF ......................... 3

    II.    VENUE IS PROPER IN THE FORT WORTH DIVISION OF THE NORTHERN DISTRICT OF TEXAS ................................................................. 7

    III.    EVEN IF DEFENDANTS HAD MOVED TO TRANSFER VENUE IN THIS CASE, SUCH MOTION SHOULD BE DENIED ..................................... 8

CONCLUSION ...................................................................................................................... 12

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Chamber of Com. v. CFPB*,
   No. 6:22-cv-00381, 2023 WL 5835951 (E.D. Tex. Sept. 8, 2023).............................................5

*City of Dallas v. Delta Air Lines, Inc.*,
   847 F.3d 279 (5th Cir. 2017) .................................................................................................4

*Clarke v. Commodity Futures Trading Comm'n*,
   74 F.4th 627 (5th Cir. 2023) .................................................................................................6

*In re Clarke*,
   No. 24-50079, 2024 WL 886953 (5th Cir. 2024) .......................................................6, 8, 9, 10

*Community Financial Services Ass'n of America v. CFPB*,
   51 F.4th 616 (5th Cir. 2022) .................................................................................................4

*Def. Distributed v. Bruck*,
   30 F.4th 414 (5th Cir. 2022) .........................................................................................6, 8, 9, 10

*Monticello Banking Co. v. CFPB*,
   No. 6:23-cv-00148, 2023 WL 5983829 (E.D. Ky. Sept. 14, 2023)........................................5

*In re Planned Parenthood Fed'n of Am. Inc.*,
   52 F.4th 625 (5th Cir. 2022) ...............................................................................................11

*In re Radmax, Ltd.*,
   720 F.3d 285 (5th Cir. 2013) ...............................................................................................10

*Restaurant Assocs., Inc. v. Bd. of Adjustment of the City of Fort Worth, Tex.*,
   259 F. Supp. 2d 559 (N.D. Tex. 2003) .................................................................................7

*Tex. Bankers Ass'n v. CFPB*,
   No. 7:23-CV-00144, 2023 WL 4872398 (S.D. Tex. July 31, 2023) .......................................5

*Texas v. U.S. Dep't of Homeland Sec.*,
   661 F. Supp. 3d 683 (S.D. Tex. 2023) ..................................................................................9

*Texas v. United States*,
   95 F. Supp. 3d 965 (N.D. Tex. 2015) (O'Connor, J.).............................................................7

*Umphress v. Hall*,
   479 F. Supp. 3d 344 (N.D. Tex. 2020) (Pittman, J.) ............................................................7

*Utah v. Walsh*,
   2023 WL 2663256 (N.D. Tex. Mar. 28, 2023) ....................................................................9

*In re Volkswagen of Am., Inc.*,
   545 F.3d 304 (5th Cir. 2008) (en banc) ....................................................................6, 8, 9, 10

*Whole Woman's Health v. Jackson*,
   13 F.4th 434 (5th Cir. 2021) ....................................................................................................3

**Statutes**

5 U.S.C. § 703 .............................................................................................................................11

28 U.S.C. § 1391(e)(1)(B) ............................................................................................................7

28 U.S.C. § 1391(e)(1)(C) ............................................................................................................7

28 U.S.C. § 1404(a) ............................................................................................................ *passim*

28 U.S.C. § 1406(a) .................................................................................................................5, 6

Administrative Procedure Act ..................................................................................................3, 11

**Other Authorities**

Federal Rule of Civil Procedure 62(d) ........................................................................................7

## INTRODUCTION

This Court has before it and ripe for decision Plaintiffs' expedited motion for preliminary injunction enjoining the CFPB's recently published Credit Card Penalty Fees Rule.  *See* Credit Card Penalty Fees (Regulation Z) (released Mar. 5, 2024 and published March 15, 2024 in the Federal Register).  https://www.federalregister.gov/documents/2024/03/15/2024-05011/credit-card-penalty-fees-regulation-z.  Plaintiffs appreciate and recognize that this Court has also asked for supplemental briefing as to whether a transfer of venue pursuant to 28 U.S.C. § 1404(a) would be appropriate and has invited the Defendants to submit such a motion.  Plaintiffs will submit such briefing pursuant to the schedule set forth by the Court, but Plaintiffs file this motion and brief to highlight the need to address their pending motion for preliminary injunction, even while the Court considers the need for a change of venue on the merits based on convenience factors.  That approach best addresses Plaintiffs' uncontested irreparable harm and leaves time for appellate review.

Plaintiffs regret the rush being imposed upon this Court, particularly in light of this Court's recent inheritance of the case and busy docket, but Plaintiffs believe that they need relief soon to avoid significant and unrecoverable irreparable harm caused by the Defendants' actions. As Plaintiffs explained in the briefing in support of their motion for preliminary injunction, they did not seek a Temporary Restraining Order out of consideration for this Court's resources and instead respectfully requested a ruling on their motion for preliminary injunction within 10 days or as soon as possible thereafter.  Pls.' Prelim. Inj. Br. 2.  Those 10 days passed on March 17, 2024, and the irreparable harm continues to accrue with each day that passes.  The Final Rule has now been published, and the (unlawfully short) compliance period is scheduled to end imminently, on May 14, 2024.  *See* Credit Card Penalty Fees (Regulation Z) (released Mar. 5,

2024 and published March 15, 2024 in the Federal Register).
https://www.federalregister.gov/documents/2024/03/15/2024-05011/credit-card-penalty-fees-regulation-z.   As explained in Plaintiffs' papers, the printing and distribution of new disclosure materials like those required by the Final Rule typically takes a minimum of four months to accomplish, and the CFPB has given only two months for issuers representing nearly 95% of the credit card market to undertake this task.   Moreover, despite suggesting that issuers could compensate for harm caused by the Rule by raising interest rates or making other changes to their customer agreements, the CFPB did not provide enough time for issuers to do so, as such changes typically require 45 days' written notice to consumers.   The effective date of May 14 requires written notice to be printed, mailed, and *received* by millions of customers by *March 29, 2024*.  *See, e.g.*, Hall Decl. ¶ 9 [App. 3].   And, with each day that passes, more issuers will be forced to incur significant and unrecoverable costs to attempt these tasks.   *See, e.g.*, Hall Decl. ¶¶ 7-9 [App. 2-3]; Bowman Decl. ¶ 11 [App. 4]; Montgomery Decl. ¶¶ 7-9 [App. 2-3]; Pommerehn Decl. ¶¶ 8-10 [App. 3]; Quaadman Decl. ¶¶ 8-10 [App. 3-4]; Schlachter Decl. ¶¶ 10-11 [App. 3-4]; Sharp Decl. ¶¶ 8-10 [App. 3-4].   Due to the Defendants' unlawful actions, if Plaintiffs do not receive a ruling on their Motion for Preliminary Injunction by this Friday—one week before they must provide printed notice to millions of customers—their relief will have been effectively denied and they will be compelled to seek appellate review.

Because venue is proper in this suit, *see infra* Section II, Plaintiffs respectfully suggest that this Court should rule on their pending motion for preliminary injunction before turning to any question of a discretionary transfer of venue.   The Court has the power to issue the requested injunction even if this Court later concludes that transfer is appropriate or desirable.   Plaintiff Fort Worth Chamber of Commerce resides here, and a substantial part of the events or omissions

giving rise to the claim are occurring here.  *See id.*  Lawsuits like this one, which press primarily Administrative Procedure Act claims are routinely filed in proper venues around the country without transfer.  This case should be no different.  To hold otherwise would effectively mean that all APA cases must be brought in the District of Columbia.

Moreover, a ruling by this Court granting or denying Plaintiffs' pending motion for preliminary injunction before any potential transfer would best ensure the availability of appellate review in this Circuit.  It would avoid the inevitable delay in resolving that motion if this case were transferred to yet a fourth district judge, and it would eliminate any difficult questions about whether appellate review in the Fifth Circuit (as opposed to any other Circuit to which this case were transferred) is appropriate.

Although Plaintiffs had asked for an injunction that addresses their statutory claims, this Court need not do so to resolve Plaintiffs' motion.  Instead, this Court could rely simply on the binding precedent relevant to the Appropriations Clause and leave time to consider Plaintiffs' remaining claims at a later date while the Final Rule is enjoined.

Finally, Plaintiffs ask that if this Court denies their motion for preliminary injunction, it issue them an injunction pending appeal.  *See Whole Woman's Health v. Jackson*, 13 F.4th 434, 441 (5th Cir. 2021) (explaining that the standard to obtain an injunction pending appeal is the same as the standard for obtaining a preliminary injunction).

## ARGUMENT

### I.    Plaintiffs' Motion for Preliminary Injunction Is Ripe, and Plaintiffs are In Need of Immediate Relief.

Plaintiffs respectfully submit that expedited relief on their motion for preliminary injunction is warranted.  Under Fifth Circuit precedent, a plaintiff is *entitled* to a preliminary injunction if it shows: "(1) a substantial likelihood of success on the merits; (2) a substantial

threat of irreparable injury; (3) the threatened injury to the movant outweighs the threatened harm to the party sought to be enjoined; and (4) granting the injunctive relief will not disserve the public interest." *City of Dallas v. Delta Air Lines, Inc.*, 847 F.3d 279, 285 (5th Cir. 2017). Here, Plaintiffs have amply demonstrated that they are so entitled.  They have a substantial likelihood of success on the merits of each of their claims, particularly so for their claim under the Appropriations Clause, for which there is binding Fifth Circuit precedent that not even Defendants dispute.  *See* Defs.' Br. in Opp'n 2 & n.1 (recognizing that "this Court is presently bound by the decision in [*Community Financial Services Ass'n of America v. CFPB*, 51 F.4th 616 (5th Cir. 2022)]").  Plaintiffs have likewise amply demonstrated that implementation of the Final Rule would cause them irreparable harm via financial losses and myriad costs.  Compl. ¶¶ 83-85. Indeed, Plaintiffs face the loss of millions of dollars in unrecoverable compliance costs if the Final Rule is not enjoined, Br. in Supp. of Prelim. Inj. 21-23;  Hall Decl. ¶¶ 7-9 [App. 2-3]; Bowman Decl. ¶ 11 [App. 4]; Montgomery Decl. ¶¶ 7-9 [App. 2-3]; Pommerehn Decl. ¶¶ 8-10 [App. 3]; Quaadman Decl. ¶¶ 8- 10 [App. 3-4]; Schlachter Decl. ¶¶ 10-11 [App. 3-4]; Sharp Decl. ¶¶ 8-10 [App. 3-4], and Defendants have not contested the point, *see generally* Defs.' Br. in Opp'n.  Finally, Plaintiffs have demonstrated that the balance of equities and public interest weigh in their favor.

This Court suggested in its Order dated March 18, 2024, that it was considering a potential transfer under Section 1404(a), but such a transfer does not bear on this Court's authority to resolve the instant motion.  As this Court recognized in its Order, Section 1404 controls transfers of venue when a case is filed in a *proper* division.  *See* 28 U.S.C. § 1404(a). Unlike cases in which venue is improper, Section 1404 is not a basis for denying relief on the merits of a claim, nor dismissing a suit.  *Compare* 28 U.S.C. § 1404(a) ("For the convenience of

4

parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented.") *with id.* § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district *shall dismiss*, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.") (emphasis added).  Because the Fort Worth Chamber of Commerce is a resident of the Fort Worth Division of the Northern District of Texas and has proven its standing, venue is proper here.  *See Chamber of Com. v. CFPB*, No. 6:22-cv-00381, 2023 WL 5835951, at *7 (E.D. Tex. Sept. 8, 2023) ("[P]laintiff Longview Chamber of Commerce is a resident of this district, plausibly alleged (and has now shown) standing, and sues a federal officer in a dispute not involving real property.  In such a case, venue is proper in any district where the plaintiff resides.").

The question raised by the Court's Order for Supplemental Briefing thus does not go to any of the factors relevant to Plaintiffs' fully briefed and pending motion for preliminary injunction.  Even if this Court later determined that a transfer of venue would be appropriate, it could grant Plaintiffs' motion for preliminary injunction based on the Appropriations Clause claim in the meantime, as multiple other courts have done.  *See, e.g.*, *Tex. Bankers Ass'n v. CFPB*, No. 7:23-CV-00144, 2023 WL 4872398, at *1 (S.D. Tex. July 31, 2023) (preliminarily enjoining defendants from implementing and enforcing a final rule based on the Appropriations Clause); *Monticello Banking Co. v. CFPB*, No. 6:23-cv-00148, 2023 WL 5983829, at *1 (E.D. Ky. Sept. 14, 2023) (same); *see also Chamber of Com. v. CFPB*, 2023 WL 5835951, at *7 (granting "summary judgment for plaintiffs given the binding force of the Fifth Circuit's decision").

Further, Plaintiffs note that Defendants have neither moved for transfer, nor made the showing necessary to establish that transfer would be appropriate under that provision.  To the

contrary, in their Opposition to Plaintiffs' Motion for Preliminary Injunction, they argued only that "the Court should dismiss or transfer Plaintiffs' complaint for improper venue under 28 U.S.C. § 1406(a)." Defs.' Br. in Opp'n 9. But in reviewing transfer orders under § 1404(a), the Fifth Circuit has held that "[t]ransfer under 28 U.S.C. § 1404(a) is properly granted only if the moving party 'clearly establishes good cause' by 'clearly demonstrating that a transfer is for the convenience of parties and witnesses, in the interest of justice.'" *In re Clarke*, No. 24-50079, 2024 WL 886953, at *2 (5th Cir. 2024) (emphasis added) (quoting *Def. Distributed v. Bruck*, 30 F.4th 414, 433 (5th Cir. 2022)); *see also In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) (en banc) ("*Volkswagen II*"). And it has further stated that "[w]here there [has been] no demonstration by the movant, let alone a clear one, the [district] court cannot weigh a factor against the non-movant and in favor of transfer." *Def. Distributed*, 30 F.4th at 434. Indeed, the Fifth Circuit has exercised its mandamus authority to correct grants and denials of motions to transfer that failed to meet these principles. *See Def. Distributed*, 30 F.4th at 421, 426; *Volkswagen II, Inc.* 545 F.3d at 309.

There is thus no reason for this Court to effectively deny Plaintiffs' pending (and fully briefed) motion for preliminary injunction based on a motion to transfer venue that has not been filed and that would not go to the merits of Plaintiffs' claims. *See Clarke v. Commodity Futures Trading Comm'n*, 74 F.4th 627 (5th Cir. 2023) (reversing the effective denial of a motion for preliminary injunction). Indeed, in *In re Clarke*, the Fifth Circuit first reversed the effective denial of a motion for preliminary injunction and then later issued a writ of mandamus after the district court sought to transfer the case pursuant to § 1404(a). *See In re Clarke*, 2024 WL 886953, at *2 (describing procedural history).

If this Court nevertheless denies Plaintiffs' motion, Plaintiffs respectfully request an injunction pending appeal, pursuant to Federal Rule of Civil Procedure 62(d).  Plaintiffs again submit that they have shown a strong likelihood of success on the merits, irreparable injury in the absence of an injunction, that the balance of hardships weighs in their favor if injunctive relief is granted, and that the public interest factors such relief.  *See Restaurant Assocs., Inc. v. Bd. of Adjustment of the City of Fort Worth, Tex.*, 259 F. Supp. 2d 559, 560 (N.D. Tex. 2003) (recognizing that the test is similar to the one used to decide whether to grant a preliminary injunction).

## II.    Venue is Proper in the Fort Worth Division of the Northern District of Texas.

Although Plaintiffs intend to submit an additional brief in accordance with this Court's order, Plaintiffs wish to address the Court's concerns about venue.  As an initial matter, venue in actions against the CFPB and Director of the CFPB is proper in "any judicial district in which … the plaintiff resides if no real property is involved in the action." 28 U.S.C. § 1391(e)(1)(C).  Therefore, because Plaintiff Fort Worth Chamber resides in this district, Compl. ¶ 23, venue is proper in the Northern District of Texas.

Furthermore, venue is proper against agencies and their officers in "any judicial district in which … a substantial part of the events or omissions giving rise to the claim occurred."  28 U.S.C. § 1391(e)(1)(B).  This Court and others have held that "a substantial part of the events or omissions giving rise to the claim[s]" take place where an unlawful rule imposes its burdens.  *See, e.g.*, *Texas v. United States*, 95 F. Supp. 3d 965, 973 (N.D. Tex. 2015) (O'Connor, J.) (finding venue proper under § 1391(e)(1) in a challenge to a Department of Labor rulemaking regulating employment because one plaintiff employed people in the district), *injunction dissolved on other grounds*, 2015 WL 13424776 (N.D. Tex. June 26, 2015); *see also Umphress*

7

*v. Hall*, 479 F. Supp. 3d 344, 351-52 (N.D. Tex. 2020) (Pittman, J.) (finding venue proper under

an analogous provision, § 1391(b)(2), where a state judge plaintiff unwilling to perform same-

sex weddings sought relief against a state disciplinary board in the district where he officiated

(and declined to officiate) weddings).  Here, Plaintiffs issue credit card accounts to consumers

residing in the Fort Worth Division of the Northern District of Texas, *see* Bowman Decl. ¶ 5

[App. 2]; Schlachter Decl. ¶ 5 [App. 2]; Susser Decl. ¶ 5 [App. 2], and are therefore subject to

the burdens of the Final Rule in that same Division and District.

## III.   Even If Defendants Had Moved to Transfer Venue in this Case, Such Motion Should Be Denied

This Court also need not be troubled by venue in this Division under Section 1404(a).  As

an initial matter, the Fifth Circuit's precedent makes clear that a party moving for transfer under

Section 1404(a) must, at a minimum, "clearly demonstrate" that its chosen venue is "clearly

more convenient," not merely "more likely than not to be more convenient."  *In re Clarke*, 2024

WL 886953, at *2.  And in light of "the appropriate deference to which the plaintiff's choice of

venue is entitled," *Volkswagen II*, 545 F.3d at 315, a party moving for transfer must show that

"the marginal gain in convenience will be *significant*" and that "those marginal gains will

*actually* materialize in the transferee venue," *In re Clarke*, 2024 WL 886953, at *2.  That makes

good sense, because as the Fifth Circuit has explained, "When a defendant is haled into court,

some inconvenience is expected and acceptable.  Assuming that jurisdiction exists and venue is

proper, the fact that litigating would be more convenient for the defendant elsewhere is not

enough to justify transfer."  *Def. Distributed*, 30 F.4th at 433.

The Fifth Circuit has set forth eight public-interest and private-interest factors for a

district court to assess in considering whether the movant clearly carried its burden.  On the

private-interest side, a court must consider "(1) the relative ease of access to sources of proof; (2)

the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *Id.* at 433-434.  On the public-interest side, a court must consider "([5]) the administrative difficulties flowing from court congestion; ([6]) the local interest in having localized interests decided at home; ([7]) the familiarity of the forum with the law that will govern the case; and ([8]) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law." *Id.* at 435.

Here, these factors favor maintaining the suit in this forum.  On the private-interest side, the first three factors are (at best) neutral and the fourth weighs against transfer.  *First*, Defendants have identified no witnesses or physical evidence located outside this District that would be relevant to resolution of this case on the merits, and indeed the case is likely to be decided upon an electronic Administrative Record that the CFPB will furnish in this Court.  *See Def. Distributed*, 30 F.4th at 434; *Utah v. Walsh*, 2023 WL 2663256, at *4 (N.D. Tex. Mar. 28, 2023); *Texas v. U.S. Dep't of Homeland Sec.*, 661 F. Supp. 3d 683, 690-91 (S.D. Tex. 2023).  This stands in marked contrast to a case like *Volkswagen II*, where "[a]ll of the documents and physical evidence relating to [an] accident [we]re located in the Dallas Division." *Volkswagen II*, 545 F.3d at 315.

*Second*, Defendants have identified no need for compulsory process to secure the attendance of unwilling witnesses.  *See id.*  The merits of Plaintiffs' statutory authority and arbitrary and capricious claims can all be decided on the text of the statutes and administrative record, and Defendants have not raised serious threshold objections to Plaintiffs' claims based on standing or injury that are likely to require evidentiary hearings.  *See In re Clarke*, 2024 WL 886953, at *7.  To the contrary, Defendants raised only one narrow factual question with respect

9

to Plaintiff Fort Worth Chamber of Commerce's standing in their Brief in Opposition, Defs.' Br. in Opp'n 9-13, and Plaintiffs promptly introduced a Supplemental Declaration to resolve that question. *See* Suppl. App., ECF 44. And to the extent that oral testimony to establish standing *were* necessary in this case, the relevant witnesses for standing and injury would be drawn from here in Texas and around the country, not concentrated in any one division. *Contra Volkswagen II*, 545 F.3d at 316 (where "a proper venue that does enjoy *absolute* subpoena power for both depositions and trial" was available).

*Third*, absent any realistic possibility of evidentiary hearings, Defendants can make (and indeed have made) no showing that the third private-interest factors weigh in favor of transfer. *See Def. Distributed*, 30 F.4th at 434 & n.26; *In re Clarke*, 2024 WL 886953, at *8.

And *fourth*, at least to the extent that this Court were to transfer this case before ruling on Plaintiffs' motion for preliminary injunction, the delay that such an order would cause Plaintiffs weighs heavily against transfer. The Fifth Circuit has explained that "[t]he delay associated with transfer may be relevant in rare and special circumstances." *In re Radmax, Ltd.*, 720 F.3d 285 (5th Cir. 2013) (quoting *In re Horseshoe Entm't*, 337 F.3d 429, 434 (5th Cir. 2003)). These are precisely such rare and special circumstances—Plaintiffs have demonstrated their entitlement to a preliminary injunction, and they are incurring irreparable harm with each day that passes. To force Plaintiffs to begin seeking their preliminary injunction again, in another district court, when they have proceeded so expeditiously in this one, would not serve the interests of justice.

For their part, the public-interest factors are also either neutral or weigh *against* transfer. *Fifth*, while this Court has a very busy docket, this Court has also shown itself as fully capable of adjudicating cases properly filed here in a timely manner. And as noted above, this case *is*

properly filed in this Court.  Plaintiff Fort Worth Chamber of Commerce is a resident of this Division and sues on behalf of members who will suffer harm here.

*Sixth*, because the policy at issue has national implications, this is "not the sort of localized case where the citizens of [the District of Columbia] have a greater 'stake' in the litigation than the citizens of [Fort Worth]."  *See In re Planned Parenthood Fed'n of Am. Inc.*, 52 F.4th 625, 632 (5th Cir. 2022).  To the contrary, fully half of the Plaintiffs reside in Texas— Plaintiff Fort Worth Chamber of Commerce here in Fort Worth, Plaintiff Texas Association of Business in Austin, and Plaintiff Longview Chamber of Commerce in Longview—and have an interest in having their rights adjudicated here or in the Districts and Divisions in which they reside.  Indeed, if this Court were to order transfer to the District for the District of Columbia, for example, on this record, one would wonder how *any* facial challenge under the Administrative Procedure Act could be brought in district courts outside of the District of Columbia.  Yet that is emphatically not the choice that Congress made in providing for general review of agency action under the Administrative Procedure Act.  *See* 5 U.S.C. § 703 (providing for APA review in any "court of competent jurisdiction" in the absence of any "special statutory review proceeding").

*Seventh*, this Court is just as familiar with applying the federal law applicable here as any other district court.

And *eighth*, maintaining the suit in this District and Division presents no special problems of conflict of laws or foreign application of law.

In sum, even if Defendants had attempted to make the showing required to justify transfer of this action under § 1404(a), they would have been unable to do so.  Plaintiffs' choice of forum was proper and is entitled to deference.

11

**CONCLUSION**

With due consideration for the burden on the Court, Plaintiffs respectfully ask that the Court expedite its consideration of and grant their motion for preliminary injunction this week so that the Plaintiffs' request for relief from the Defendants' unlawful conduct will not effectively be denied due to the passage of time.  If the motion is denied, Plaintiffs ask that this Court issue an injunction pending appeal.

Dated:  March 19, 2024                               Respectfully submitted,

 /s/ Michael Murray
Michael Murray
D.C. Bar No. 1001680
*Admitted Pro Hac Vice*
michaelmurray@paulhastings.com
Tor Tarantola
D.C. Bar No. 1738602
*Admitted Pro Hac Vice*
tortarantola@paulhastings.com
PAUL HASTINGS LLP
2050 M Street NW
Washington, DC 20036
(202) 551-1730

/s/ Philip Vickers
Philip Vickers
Texas Bar No. 24051699
pvickers@canteyhanger.com
Derek Carson
Texas Bar No. 24085240
dcarson@canteyhanger.com
CANTEY HANGER LLP
600 West 6th Street, Suite 300
Fort Worth, TX 76102
(817) 877-2800

*Attorneys for Plaintiffs*

Thomas Pinder
D.C. Bar No. 451114
*Admitted Pro Hac Vice*
tpinder@aba.com
Andrew Doersam
D.C. Bar No. 1779883
*Admitted Pro Hac Vice*
adoersam@aba.com
AMERICAN BANKERS ASSOCIATION
1333 New Hampshire Ave. NW
Washington, DC 20036

*Attorneys for Plaintiff American Bankers Association*

Jennifer B. Dickey
D.C. Bar No. 1017247
*Admitted Pro Hac Vice*
Jdickey@uschamber.com
Maria C. Monaghan
D.C. Bar No. 90002227
*Admitted Pro Hac Vice*
mmonaghan@uschamber.com
U.S. CHAMBER LITIGATION CENTER
1615 H Street NW
Washington, DC 20062

*Attorneys for Plaintiff Chamber of Commerce of the United States of America*

13

**CERTIFICATE OF SERVICE**

I certify that on March 19, 2024, a true and correct copy of the foregoing document was served on counsel of record via this Court's ECF system.

 /s/ Philip Vickers
Philip Vickers