IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| CHAMBER OF COMMERCE OF THE UNITED STATES OF AMERICA; FORT WORTH CHAMBER OF COMMERCE; LONGVIEW CHAMBER OF COMMERCE; AMERICAN BANKERS ASSOCIATION; CONSUMER BANKERS ASSOCIATION; and TEXAS ASSOCIATION OF BUSINESS,<br><br>                Plaintiffs,<br><br>v.<br><br>CONSUMER FINANCIAL PROTECTION BUREAU; and ROHIT CHOPRA, in his official capacity as Director of the Consumer Financial Protection Bureau,<br><br>                Defendants. | Case No. 4:24-CV-213-P |

**PLAINTIFFS' NOTICE OF APPEAL**

Please take notice that the Plaintiffs hereby appeal to the United States Court of Appeals for the Fifth Circuit the Court's effective denial of Plaintiffs' Motion for Preliminary Injunction (ECF No. 3) filed on March 7, 2024.

The Court of Appeals has jurisdiction to hear appeals from interlocutory orders of the District Court that grant or deny injunctions. 28 U.S.C. § 1292(a)(1). Action by a district court that has the practical effect of denying injunctive relief necessary to remediate a threat of serious or irreparable harm is immediately appealable. *See Clarke v. Commodity Futures Trading Comm'n*, 74 F.4th 627, 635 (5th Cir. 2023) (noting the motions panel had found jurisdiction

1

because the district court's actions "while not explicitly denying a preliminary injunction, nonetheless ha[ve] the practical effect of doing so and might cause irreparable harm absent immediate appeal") (cleaned up); *Sherri A.D. v. Kirby*, 975 F.2d 193, 203 (5th Cir. 1992) ("Those orders which . . . have the practical effect of denying an injunction, but do not do so in explicit terms, are immediately appealable if the order threatens 'serious, perhaps irreparable consequences' and can be effectively challenged only by immediate appeal.") (quoting *Carson v. American Brands, Inc*., 450 U.S. 79, 84 (1981)); *H.K. Porter Co., Inc. v. Metro. Dade County*, 650 F.2d 778, 782 n. 7 (5th Cir. 1981) ("[T]he district court's ruling on the TRO effectively foreclosed the relief requested in the preliminary injunction and was effectively a denial of the preliminary injunction"); *McCoy v. Louisiana State Bd. of Ed.*, 332 F.2d 915, 917 (5th Cir. 1964) (noting court's order that would delay consideration of preliminary injunction until after the plaintiff would begin to suffer the alleged injury had "the practical effect" of denying the motion for preliminary injunction).

The District Court has effectively denied Plaintiffs' Motion for Preliminary Injunction. Plaintiffs filed their motion on March 7, 2024 demonstrating that their members face immediate, serious, and irreparable harm as a result of the Credit Card Penalty Fees Final Rule promulgated by Defendant Consumer Financial Protection Bureau ("CFPB") on March 5, 2024.  The Rule has an unlawfully-short effective date of May 14, 2024, such that Plaintiffs' members must act immediately to meet their obligations under the new Rule, namely updating, printing, and distributing to banks and retail partners any materials that disclose their late fees (including, for example, credit applications, marketing materials, and disclosure inserts for new credit card mailings) before the effective date.  Plaintiffs' members must also notify current cardholders in writing of any changes they may make to the terms of their cardholder agreements to mitigate the

late fee change at least 45 days prior to making those terms effective. *See* 12 C.F.R. § 1026.9(c)(2)(iii). To time those changes with the Final Rule's May 14, 2024 effective date, such notices would need to be received by customers by March 29, 2024. As a result, Plaintiffs will suffer irreparable harm absent an immediate injunction. (ECF No. 3.) The CFPB filed its Response to the Plaintiffs' Motion on March 12, 2024, and Plaintiffs filed their Reply on March 14, 2024, rendering the motion ripe for decision by March 17, 2024, the date by which Plaintiffs originally asked for relief. (ECF No. 22.)

On March 18, 2024, the Court requested supplemental briefing on venue under 28 U.S.C. § 1404. (ECF No. 45.) The next day Plaintiffs filed their Motion for Expedited Consideration of Plaintiffs' Motion for Preliminary Injunction, noting that if Plaintiffs did not receive a ruling on their motion by Friday, March 22, 2024, they would need to seek immediate appellate review in order to avoid the immediate and irreparable harm imposed by the challenged Rule. (ECF No. 47.) The Court denied Plaintiffs' motion for expedited consideration (ECF No. 51) and did not issue a ruling on the motion for preliminary injunction by Friday, March 22. The Court has not scheduled a hearing or taken any other action on the request for a preliminary injunction.

Under Fifth Circuit precedent, the Court's denial of Plaintiffs' motion for expedited consideration and failure to rule on the motion for preliminary injunction while Plaintiffs face ongoing, and accumulating, irreparable harm have effectively denied Plaintiffs' request for meaningful preliminary injunctive relief. Plaintiffs therefore give this notice of appeal.

| | |
|---|---|
| Dated:  March 25, 2024 | Respectfully submitted, |

      /s/ Michael Murray
Michael Murray (*Pro Hac Vice*)
D.C. Bar No. 1001680
michaelmurray@paulhastings.com
Tor Tarantola (*Pro Hac Vice*)
D.C. Bar No. 1738602
tortarantola@paulhastings.com
PAUL HASTINGS LLP
2050 M Street NW
Washington, DC 20036
(202) 551-1730

      /s/ Derek Carson
Philip Vickers
Texas Bar No. 24051699
pvickers@canteyhanger.com
Derek Carson
Texas Bar No. 24085240
dcarson@canteyhanger.com
CANTEY HANGER LLP
600 West 6th Street, Suite 300
Fort Worth, TX 76102
(817) 877-2800

***Attorneys for Plaintiffs***


Thomas Pinder (*Pro Hac Vice*)
D.C. Bar No. 451114
tpinder@aba.com
Andrew Doersam (*Pro Hac Vice*)
D.C. Bar No. 1779883
adoersam@aba.com
AMERICAN BANKERS ASSOCIATION
1333 New Hampshire Ave. NW
Washington, DC 20036

***Attorneys for Plaintiff American Bankers Association***

Jennifer B. Dickey (*Pro Hac Vice*)
D.C. Bar No. 1017247
Jdickey@uschamber.com
Maria C. Monaghan (*Pro Hac Vice*)
D.C. Bar No. 90002227
mmonaghan@uschamber.com
U.S. CHAMBER LITIGATION CENTER
1615 H Street NW
Washington, DC 20062

*Attorneys for Plaintiff Chamber of Commerce of the United States of America*

## CERTIFICATE OF SERVICE

I certify that on March 25, 2024, counsel for Plaintiffs served the foregoing on Counsel for Defendants via the Court's ECF System.

   /s/ Derek Carson
Derek Carson

5