IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| CHAMBER OF COMMERCE OF THE UNITED STATES OF AMERICA; FORT WORTH CHAMBER OF COMMERCE; LONGVIEW CHAMBER OF COMMERCE; AMERICAN BANKERS ASSOCIATION; CONSUMER BANKERS ASSOCIATION; and TEXAS ASSOCIATION OF BUSINESS,<br><br>  Plaintiffs,<br><br>v.<br><br>CONSUMER FINANCIAL PROTECTION BUREAU; and ROHIT CHOPRA, in his official capacity as Director of the Consumer Financial Protection Bureau,<br><br>  Defendants. | Case No.: 4:24-cv-213-P |

**REPLY BRIEF IN SUPPORT OF DEFENDANTS'
MOTION TO TRANSFER**

Unsurprisingly, Plaintiffs—the Fort Worth Chamber of Commerce and five-out-of-District associations—oppose Defendants' motion to transfer this case to the U.S. District Court for the District of Columbia. But their brief is unconvincing. Venue is not proper in this District—and it's not proper in the alternative venue Plaintiffs suggest either. While the Plaintiffs include a local chamber of commerce in Fort Worth (and in Tyler, Plaintiffs' second-choice court), those plaintiffs do not have standing just because an out-of-state card issuer joined one of them to try to gain access to the local courts. Instead, Plaintiffs claim they can sue here (or there)—or, apparently, anywhere in the country—just because card-issuing members have customers in those areas. That

1

sweeping and unprecedented view defies the venue statute and would throw open the doors of this Court (and, apparently, any other) to almost any business seeking to challenge virtually any generally applicable rule.

One thing is clear: This case cannot proceed here. But it can proceed in Washington, D.C.: It involves a challenge to a rule promulgated in Washington, D.C., by an agency headquartered in Washington, D.C., which has been brought by six plaintiff associations, three of which call D.C. home. Transfer is warranted.

The initial question presented by a transfer motion under 28 U.S.C. § 1404 is whether the destination venue—Washington, D.C.—is a proper venue. *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 312 (5th Cir. 2008). Plaintiffs do not deny that D.C. is a proper venue, see Tr. Opp., ECF No. 55, nor could they, as D.C. satisfies all three prongs of the venue statute, even though only one would suffice: 1) it is the place where Defendant resides, 2) it is a place where substantial acts and omissions [i.e., the issuance of the rule] occurred; and 3) it is a place where a plaintiff resides. *See* 28 U.S.C. § 1391(e)(1).

The question then becomes whether good cause exists for a transfer to D.C. *In re Volkswagen of Am.*, 545 F.3d at 315. It does, as demonstrated by an application of the eight private and public factors identified by the Fifth Circuit in *In re Volkswagen*. *See* Br. on Mot. to Transfer, ECF No. 53. There is no need—or time, given the breakneck pace at which Plaintiffs have unnecessarily advanced this litigation—to thoroughly rehearse the application of these factors. But we'll hit a few of the highpoints.

Plaintiffs brush aside the fact that litigating in this District will impose unnecessary travel costs on the Bureau because each party will bear its own costs. Tr. Opp. at 5. However, they cite no authority for the proposition that travel costs should effectively be ignored when each party

bears its own costs, *id.*, and, to the contrary, unnecessary expenditures of the public fisc should not be so blithely waived away. Plaintiffs also downplay the relative congestion of the courts. But, in denying Plaintiffs' motion to expedite, this Court effectively described the heavy burden that it faces in handling the many cases legitimately brought in this busy Division. Order, ECF No. 51, at 2. Finally, Plaintiffs attempt to deemphasize the fact that, as a forum, D.C. is more familiar with APA cases (because of the plethora of agencies headquartered there). Br. on Mot. to Transfer, ECF No. 53, at 13-15. Crucially, Plaintiffs offer no response to the Bureau's argument that this case not only involves run-of-the-mill APA issues, but also an uncommon issue for which the D.C. Courts have some experience. *Id.* at 14. Put simply, in trying to come up with a way for out-of-Division associations and banks to challenge a Bureau rule, Plaintiffs have "abus[ed[]] their privilege under [28 U.S.C.] § 1391 by subjecting defendants" to a venue that lacks any substantial connection to the litigation. *Volkswagen*, 545 F.3d at 313. A transfer to D.C. would correct this problem.

Plaintiffs have identified a transfer that they don't mind, namely, a transfer to the Tyler Division of the Eastern District of Texas. At one level, this is not surprising: the U.S. Chamber of Commerce has made a habit out of challenging nationally applicable rules in Tyler, even when the cases have had no particular nexus to Texas. *See Chamber of Com. of the United States of Am., v. NLRB*, No. 6:23-CV-00553, 2024 WL 1161125 (E.D. Tex. Mar. 18, 2024) (Tyler Div.) (challenging NLRB rule regarding the definition of "joint employer"); *Chamber of Com. of United States of Am. v. Consumer Fin. Prot. Bureau*, No. 6:22-CV-00381, 2023 WL 5835951 (E.D. Tex. Sept. 8, 2023) (Tyler Div.) (challenging examination manual discussion of the meaning of unfairness under the Dodd-Frank Act).

But surprising or not, Plaintiffs' gambit fails: the Eastern District of Texas, like this one, is not a proper venue (and even if it were, D.C. is more appropriate for hearing this particular case

3

for that same reasons it's more appropriate than Fort Worth). Venue in Tyler would depend on one of two arguments: (i) that the Longview Chamber of Commerce resides in that district, or (ii) that a substantial part of the acts or omissions giving rise to the claim occurred there. *See* 28 U.S.C. § 1391(e); Tr. Opp. at 14. Neither argument carries the day. A plaintiff must have standing to secure venue. *Clark & Reid Co. v. United States*, 804 F.2d 3, 5 (1st Cir. 1986) (stating that the party that creates venue "must have standing"); *Inst. of Certified Pracs., Inc. v. Bentsen*, 874 F. Supp. 1370, 1372 (N.D. Ga. 1994) (noting that Plaintiffs cannot "manufacture venue by adding . . . a party" that "lacks standing to bring th[e] action"); *Ctr. for Biological Diversity v. Spellmon*, No. 21-cv-47, 2022 WL 3541879, at *3 (D. Mont. Aug. 18, 2022) (concluding that a party without standing cannot create venue). But the Longview Chamber does not have standing, because it has not identified an injured member, and no bank has identified itself as a member of the Longview Chamber. *See* App'x to Preliminary Injunction; *Summers v. Earth Island Inst.*, 555 U.S. 488, 498–99 (2009) ("This requirement of naming the affected members has never been dispensed with in light of statistical probabilities, but only where all the members of the organization are affected by the challenged activity.") *Cf. Do No Harm v. Pfizer Inc.*, No. 23-15, 2024 WL 949506, at *2 (2d Cir. Mar. 6, 2024) (requiring Plaintiff to identify injured member at preliminary injunction stage). Nor has the Longview Chamber explained how protecting the interests of any (unnamed) member is germane to the Longview Chamber's mission of advancing the "betterment of business, development of tourism, development of downtown Longview potential, and the overall quality of life in Longview." App'x to Preliminary Injunction at 7 (Hall Decl. ¶ 4); *see also Ass'n of Am. Physicians & Surgeons, Inc. v. Texas Med. Bd.*, 627 F.3d 547, 550 n.2 (5th Cir. 2010) (litigation must be "pertinen[t]" to organization's purpose); *Bldg. & Const. Trades Council of Buffalo, New York & Vicinity v. Downtown Dev., Inc.*, 448 F.3d 138, 149 (2d Cir. 2006) ("We conclude that the

germaneness requirement of *Hunt* should be read in accordance with the modest yet important goal of preventing litigious organizations from forcing the federal courts to resolve numerous issues as to which the organizations themselves enjoy little expertise and about which few of their members demonstrably care.") (cleaned up). It is unclear—and Plaintiffs do not explain—how a rule affecting the late fees that a few dozen card issuers, all of whom are based elsewhere, will affect the business, tourism, downtown, or quality of life in Longview.

The acts or omissions argument similarly comes up short. To be clear, Plaintiff's argument is that venue is proper under the acts or omissions prong of § 1391(e) because the "Rule imposes its burdens on Plaintiff Longview Chamber of Commerce's members in that District and Division." Tr. Opp. at 14. This argument suffers from several basic flaws. To start, the acts-and-omissions prong of the venue statute properly looks just to "the defendant's conduct, and where that conduct took place, rather than focusing on the activities of the plaintiff." *Munro v. U.S. Copyright Off.*, No. 6:21-cv-00666, 2022 WL 3566456, at *2 (W.D. Tex. May 24, 2022), report and recommendation adopted, 2022 WL 17400772 (W.D. Tex. Sept. 15, 2022). That would be where the Bureau issued the rule, in Washington, D.C.

But even if the court were to adopt the broader conception of venue adverted to by Plaintiffs, that view holds that venue is proper where: "(1) the plaintiff has a significant presence in the forum; and (2) the plaintiff was subject to actual or imminent burden within the forum should the contested agency action take effect." *In re Space Expl. Techs., Corp.*, No. 24-40103, 2024 WL 948321, at *4 (5th Cir. Mar. 5, 2024) (Elrod, J., dissenting from denial of mandamus) (citing *Career Colls. & Sch. of Tex. v. U.S. Dep't of Educ.*, 2023 WL 2975164, at *1 (N.D. Tex. Apr. 17, 2023)). Plaintiffs' argument comes up short under this standard, not only because the only *Plaintiff* with a "significant presence" in this venue lacks standing, but also because no Plaintiff was

subjected to the burden imposed by the rules in this venue—or any other. The Plaintiffs are membership associations, not large card issuers. *See Career Colleges*, 2023 WL 2975164, at *2 (rejecting claim that venue was proper under acts and omissions prong where plaintiff membership organization had affected members based in the division because "none of the 'burdened' [entities] that reside in this division are parties here"). And even if the plaintiffs included some (out-of-state) card issuer actually affected by the rule, that would not make venue proper in Tyler (or in this Court). The few dozen issuers subject to the rule issue credit cards to customers nationwide, and do not meaningfully "suffer burden" in Tyler (or Texas) as opposed to anywhere else. Plaintiffs tout that 10-11% of two out-of-state issuers receivables are in Texas—but that is hardly surprising, or special, given that roughly that percentage of the U.S. population lives in Texas. On Plaintiffs' sweeping view, venue would be appropriate whenever a regulated entity had customers in a district—and virtually anyone could come to this Court (or to any other nationwide) to challenge almost any rule. Accordingly, Plaintiffs' last-minute-suggestion to transfer the case to the Eastern District of Texas fails.

    Importantly, Plaintiffs' brief does not address transfer only. Rather, Plaintiffs again return to the separate question of whether, under 28 U.S.C. § 1406, venue is proper in this District. This argument has a "the lady doth protest too much" quality about it, as Plaintiffs have already addressed it in their reply to the preliminary injunction, ECF No. 41, and their motion to expedite, ECF No. 48. William Shakespeare, Hamlet, act 3, sc. 2. And, as would be expected, repetition does not make the argument any better: This Court is not a proper venue for this suit.

    Plaintiffs make two basic arguments in support of the propriety of venue in this District, arguments which mirror those regarding the propriety of the Eastern District of Texas as a venue. First, Plaintiffs contend that, under § 1391(e), venue is proper in this District because the Fort

6

Worth Chamber of Commerce resides here. But a Plaintiff must have standing to secure venue. *See, e.g.*, *Clark & Reid Co.*, 804 F.2d at 5. As explained in Defendant's opening brief, the Fort Worth Chamber does not. PI Opp., ECF No. 23, at 11-23. Associational standing depends on a symmetry between the interests to be vindicated by the suit and the organization's purpose, i.e., the interests must be "germane" to the organization's purpose. *Hunt v. Wash. State Apple Advert. Comm'n*, 432 U.S. 333, 343 (1977). At bottom, however, the interest the Fort Worth Chamber seeks to defend in this suit—the ability of an out-of-state bank to charge excessively high late fees—is not germane to the Fort Worth Chamber's interest in "cultivat[ing] a thriving business climate in the Fort Worth region." App'x to PI Mot. at 22 (Montgomery Decl. ¶ 3), ECF No. 5. Second, Plaintiffs again argue that venue is proper under the acts and omission prong of § 1391(e), because the rule imposes a burden in this district. Tr. Opp. at 2-3. But the same flaws that afflict this argument in relation to the propriety of the Eastern District of Texas as a proper venue afflict the argument when applied to this District.

Lastly, Plaintiffs double down on the argument that if they can't bring this case, with its "attenuated nexus to the Fort Worth Division," Order, ECF No. 45, then every APA case will need to be brought in D.C. Tr. Opp. at 10-13. Not so. As Defendants noted, many Plaintiffs have satisfied existing venue rules and brought APA challenges in districts other than D.C. Br. on Mot. to Tr. at 16. And contrary to Plaintiffs' argument, a careful application of blackletter venue rules is not a rewriting of those rules. Rather, Plaintiffs' expansive and untenable vision of venue would have "sweeping implications for APA challenges," Tr. Op. at 10, as it would authorize suit anywhere an entity could find an association to play along as a vehicle for venue, no matter how flimsy the connection between the case and the chosen District.

Transfer is warranted.

DATED: March 25, 2024                     Respectfully Submitted,

                                                    SETH FROTMAN
*General Counsel*

STEVEN Y. BRESSLER
*Deputy General Counsel*

KRISTIN BATEMAN
*Assistant General Counsel*

s/ *Justin M. Sandberg*
JUSTIN M. SANDBERG*
Senior Counsel
STEPHANIE B. GARLOCK*
*Counsel*
Consumer Financial Protection Bureau
1700 G St. NW
Washington, D.C. 20552
Stephanie.Garlock@cfpb.gov
Justin.Sandberg@cfpb.gov
(202) 435-7201 (Garlock)
(202) 450-8786 (Sandberg)

*Admitted *pro hac vice*

8

## CERTIFICATE OF SERVICE

I hereby certify that on March 26, 2024, a true and correct copy of this document was served electronically by the Court's CM/ECF system to all counsel of record.

*/s/ Justin M. Sandberg*
JUSTIN M. SANDBERG