FILED
May 1, 2024
KAREN MITCHELL
CLERK, U.S. DISTRICT
COURT

# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit
FILED
April 30, 2024
Lyle W. Cayce
Clerk

No. 24-10248

Chamber of Commerce of the United States of America, Fort Worth Chamber of Commerce; Longview Chamber of Commerce; American Bankers Association; Consumer Bankers Association; Texas Association of Business,

*Plaintiffs—Appellants*,

*versus*

Consumer Financial Protection Bureau; Rohit Chopra, *in his official capacity as Director of the Consumer Financial Protection Bureau*,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:24-CV-213

## UNPUBLISHED ORDER

Before Higginson, Willett, and Oldham, *Circuit Judges*.

Per Curiam:

A group consisting of various business associations (the Chamber) challenged a new Final Rule issued by the Consumer Financial Protection Bureau (CFPB) and sought a preliminary injunction. We granted the Chamber's petition for mandamus, concluding that the district court had

effectively denied the Chamber's request for a preliminary injunction. *In re Fort Worth Chamber of Com.*, 98 F.4th 265, 274 (5th Cir. 2024). The Chamber also appealed the effective denial of the preliminary injunction.

Because the district court *sua sponte* initiated briefing on whether venue was proper in the Northern District of Texas and transferred the case, effectively denying the preliminary injunction,[*] the district court never stated any findings and conclusions as to whether a preliminary injunction was warranted. FED. R. CIV. P. 52(a)(2).

Because we are a "court of review, not first view," *Rest. L. Ctr. v. U.S. Dep't of Lab.*, 66 F.4th 593, 597 (5th Cir. 2023) (citation omitted), remand is appropriate to allow the district court to make particularized findings on likelihood of success on the merits, irreparable harm, the balance of the equities, and whether an injunction is in the public interest. *See Direct Biologics, L.L.C. v. McQueen*, 63 F.4th 1015, 1023–24 (5th Cir. 2023) (remanding to allow the district court to make particularized findings); *see also Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

Accordingly, we VACATE the district court's effective denial of the motion for preliminary injunction and REMAND with instructions that the district court rule on the Chamber's motion for a preliminary injunction by May 10, 2024. This is a limited remand. Our panel retains jurisdiction over this appeal.[1] *See Gen. Land Off. v. Biden*, 71 F.4th 264, 275 (5th Cir. 2023) (remanding and ordering that any future request for appellate relief shall be directed to the panel); *Hornbeck Offshore Servs., LLC v. Salazar*, 2010 WL

[*] Judge Higginson would not have found that there was an effective denial for the reasons stated in his dissent to the panel opinion. *In re Fort Worth Chamber of Com.*, 98 F.4th at 279–81.

[1] If necessary, an appellate briefing schedule will be reset.

3219469 (5th Cir. Aug. 16, 2010) (retaining jurisdiction over the appeal of the preliminary injunction and ordering a limited remand for the district court to address mootness concerns).