**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

<table>
<tr>
<td>

CHAMBER OF COMMERCE OF
THE UNITED STATES OF
AMERICA; FORT WORTH
CHAMBER OF COMMERCE;
LONGVIEW CHAMBER OF
COMMERCE; AMERICAN
BANKERS ASSOCIATION;
CONSUMER BANKERS
ASSOCIATION; and TEXAS
ASSOCIATION OF BUSINESS,

    Plaintiffs,

v.

CONSUMER FINANCIAL PROTECTION
BUREAU; and ROHIT CHOPRA, in his
official capacity as Director of the Consumer
Financial Protection Bureau,

    Defendants.

</td>
<td>

Case No.: 4:24-cv-213-P

</td>
</tr>
</table>

**DEFENDANTS' RESPONSE TO THE MAY 13 ORDER REQUESTING
BREIFING ON THE STATUS OF THE LIVE PLEADINGS**

Defendants the Consumer Financial Protection Bureau and Rohit Chopra (collectively, the Bureau) respectfully submit this response to the Court's May 13, 2024, Order requesting briefing "on what the live pleadings are in this case and the current posture of such pleadings" following the grant of Plaintiffs' Motion for a Preliminary Injunction. *See* Order (May 13, 2024), ECF No. 83.

Since the Court's grant of the preliminary injunction, the parties have conferred about appropriate next steps in this litigation—meeting via videoconference on Monday May 12. The

parties are continuing to discuss a potential proposed plan for how briefing should continue in this case, including on the following issues and pleadings:

**1.** Plaintiffs' Complaint, ECF No. 1, remains a live pleading. Defendants' deadline to answer or otherwise respond to that Complaint is currently set for May 28, 2024.

**2.** Plaintiffs' Preliminary Injunction Motion, ECF No. 3, has now been granted. That motion is therefore no longer live.[1]

**3.** Defendants' Motion to Transfer, ECF No. 52, is currently in limbo. The Court granted that motion in a March 28, 2024, Order, ECF No. 67, and transferred the case to the U.S. District Court for the District of Columbia. The Fifth Circuit, however, held that the order granting Defendants' motion "was void for want of jurisdiction." *See In Re Fort Worth Chamber of Commerce*, 98 F.4th 265, 268 (5th Cir. Apr. 5, 2024), *revised on rehearing* — F.4th —, 2024 WL 1976963 (May 3, 2024). In particular, the court of appeals held that this Court "lacked jurisdiction to transfer the case" because Plaintiffs had validly appealed this Court's "effective denial" of their preliminary injunction motion, and that "appealable order was pending before" the Fifth Circuit. 2024 WL 1976963, at *5–6. The Fifth Circuit accordingly vacated the transfer order. *Id.* at *7.

Subsequently, on April 30, the court of appeals "vacate[d] the district court's effective denial" and remanded for this Court to rule on the preliminary injunction motion by May 10. *See* Unpublished Order at 2, *Chamber of Commerce v. CFPB*, No. 24-10248 (5th Cir. Apr. 30, 2024), ECF No. 105-1. The court of appeals, however, specified that this was a "limited remand"

---

[1] In the future, the Bureau may move to vacate or dissolve the preliminary injunction if the basis for the Court's ruling—the Fifth Circuit's holding in *Community Financial Services Ass'n of America, Ltd. v. CFPB*, 51 F.4th 616, 635 (5th Cir. 2022)—is reversed by the Supreme Court. At that point, Plaintiffs may ask the Court to maintain the preliminary injunction on other grounds. But there are not currently any live pleadings before the Court presenting these issues.

and that the panel "retains jurisdiction over th[e] appeal." *Id.* This Court's ruling on the preliminary injunction motion on May 10 granted Plaintiffs the complete relief they seek—a preliminary injunction and stay of the Rule. The order would thus appear to moot Plaintiffs' pending appeal. Accordingly, Defendants earlier today filed a suggestion of mootness and motion to dismiss in the Fifth Circuit appeal. However, the court of appeals has not yet dismissed the appeal as moot or otherwise taken any action in light of this Court's May 10 decision. Until the court of appeals releases jurisdiction over the "effective denial" appeal, this Court's ability to transfer the case is uncertain. Going forward, Defendants may, as appropriate, renew their motion to transfer, which Defendants believe should be adjudicated before the Court reaches the merits of Plaintiffs' claims.

**4.** The parties still need to brief the merits of this case. The parties are engaging in ongoing discussions about the most appropriate way to proceed to final judgment in this case, including potentially through cross-dispositive motions.

DATED:  May 15, 2024

Respectfully Submitted,

SETH FROTMAN
*General Counsel*

STEVEN Y. BRESSLER
*Deputy General Counsel*

KRISTIN BATEMAN
*Assistant General Counsel*

*/s/ Stephanie B. Garlock*
STEPHANIE B. GARLOCK*
*Counsel*
D.C. Bar No. 1779629
JUSTIN M. SANDBERG*
*Senior Counsel*
Ill. Bar No. 6278377
JOSEPH FRISONE*
*Senior Counsel*

3

Va. Bar No. 90728
Consumer Financial Protection Bureau
1700 G St. NW
Washington, D.C. 20552
Stephanie.Garlock@cfpb.gov
Justin.Sandberg@cfpb.gov
Joseph.Frisone@cfpb.gov
(202) 435-7201 (Garlock)
(202) 450-8786 (Sandberg)
(202) 435-9287 (Frisone)
(202) 435-7024 (fax)

*Admitted *pro hac vice*

*Counsel for Defendants the Consumer
Financial Protection Bureau and Rohit
Chopra*

## CERTIFICATE OF SERVICE

I hereby certify on May 15, 2024, a true and correct copy of this document was served

electronically by the Court's CM/ECF system to all counsel of record.


*/s/ Stephanie B. Garlock*
STEPHANIE B. GARLOCK