IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| CHAMBER OF COMMERCE OF THE UNITED STATES OF AMERICA; FORT WORTH CHAMBER OF COMMERCE; LONGVIEW CHAMBER OF COMMERCE; AMERICAN BANKERS ASSOCIATION; CONSUMER BANKERS ASSOCIATION; and TEXAS ASSOCIATION OF BUSINESS,<br><br>   Plaintiffs,<br><br>v.<br><br>CONSUMER FINANCIAL PROTECTION BUREAU; and ROHIT CHOPRA, in his official capacity as Director of the Consumer Financial Protection Bureau,<br><br>   Defendants. | Case No.: 4:24-cv-213-P |

## **NOTICE**

Yesterday, the Supreme Court issued *Consumer Financial Protection Bureau v. Community Financial Services Association of America, Ltd.*, No. 22-448, 2024 WL 2193873 (U.S. May 16, 2024), reversing the Fifth Circuit's decision (*Community Financial Services Association of America, Ltd. v. CFPB*, 51 F.4th 616, 643 (5th Cir. 2022)) regarding the constitutionality of the Bureau's funding. This decision has obvious implications for the continuing validity of the preliminary injunction issued by this Court on May 10, 2024, based on the Fifth Circuit's decision. ECF No. 82 at 5-6.  Plaintiffs' early appeal to the Fifth Circuit complicates matters, however. It is not clear that this Court has jurisdiction to revisit the

1

preliminary injunction given the limited remand granted to the District Court by the Fifth Circuit. *See Chamber of Commerce v. CFPB*, 24-10248, ECF No. 105-1 (5th Cir.). Defendants foresaw the continuing jurisdictional complications that the appeal would present and filed a motion on May 15, 2024, asking the Fifth Circuit to dismiss the appeal as moot, to allow this Court to manage this case without the cloud of the appeal hanging over it. *See Chamber of Commerce*, 24-10248, ECF No. 116. And in light of yesterday's Supreme Court decision, Defendants have filed a Rule 28(j) letter reiterating their request that the Fifth Circuit dismiss the appeal. *Chamber of Commerce*, 24-10248, ECF No. 119. Plaintiffs have opposed the request to fully return jurisdiction to this Court and have advocated that the Fifth Circuit make clear that the Court has just enough jurisdiction to revisit the preliminary injunction, *see Chamber of Commerce*, 24-10248, ECF No. 117—but, and this is unstated, not enough to transfer the case as it has expressed an intent to do, *see* Order, ECF No. 82, at 11 n.7. Defendants will apprise the Court of any relevant developments in the Fifth Circuit.

DATED:  May 17, 2024                                Respectfully Submitted,

SETH FROTMAN
*General Counsel*

STEVEN Y. BRESSLER
*Deputy General Counsel*

KRISTIN BATEMAN
*Assistant General Counsel*

*/s/ Justin M. Sandberg*
JUSTIN M. SANDBERG*
*Senior Counsel*
Ill. Bar No. 6278377
JOSEPH FRISONE*
*Senior Counsel*

2

Va. Bar No. 90728
STEPHANIE B. GARLOCK*
*Counsel*
D.C. Bar No. 1779629
Consumer Financial Protection Bureau
1700 G St. NW
Washington, D.C. 20552
Stephanie.Garlock@cfpb.gov
Justin.Sandberg@cfpb.gov
Joseph.Frisone@cfpb.gov
(202) 435-7201 (Garlock)
(202) 450-8786 (Sandberg)
(202) 435-9287 (Frisone)
(202) 435-7024 (fax)

*Admitted *pro hac vice*

*Counsel for Defendants the Consumer Financial Protection Bureau and Rohit Chopra*

3

**CERTIFICATE OF SERVICE**

    I hereby certify on May 17, 2024, a true and correct copy of this document was served electronically by the Court's CM/ECF system to all counsel of record.

                                                    */s/ Justin M. Sandberg*
                                                    Justin M. Sandberg