IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| CHAMBER OF COMMERCE OF THE UNITED STATES OF AMERICA; FORT WORTH CHAMBER OF COMMERCE; LONGVIEW CHAMBER OF COMMERCE; AMERICAN BANKERS ASSOCIATION; CONSUMER BANKERS ASSOCIATION; and TEXAS ASSOCIATION OF BUSINESS,<br><br>　　Plaintiffs,<br><br>v.<br><br>CONSUMER FINANCIAL PROTECTION BUREAU; and ROHIT CHOPRA, in his official capacity as Director of the Consumer Financial Protection Bureau,<br><br>　　Defendants. | Case No.: 4:24-cv-213-P |

**DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF THEIR MOTION TO DISMISS OR TRANSFER UNDER 28 U.S.C. § 1406**

Defendants the Consumer Financial Protection Bureau and Rohit Chopra (collectively, the Bureau) respectfully submit this notice of a new persuasive authority that supports their motion to dismiss or transfer under 28 U.S.C. § 1406, ECF No. 94.[1] In that motion, the Bureau

---

[1] The Bureau's request for transfer or dismissal under § 1406 remains pending, notwithstanding this Court's and the Fifth Circuit's resolution of its alternative request for transfer under 28 U.S.C. § 1404. In its recent mandamus opinion, the Fifth Circuit expressly noted it was not addressing the Bureau's arguments under § 1406 and was not "decid[ing] whether venue is proper in the Northern District of Texas." *In re Chamber of Com.*, No. 24-10463, 2024 WL 3042100, at *3 n.22 (5th Cir. June 18, 2024). Plaintiffs have not yet responded to that motion, and the Bureau files this notice of supplemental authority now so that Plaintiffs may have an opportunity to address this authority when they respond to the motion.

1

contended that venue is improper in this district because the Fort Worth Chamber of Commerce—the Plaintiffs' primary hook for venue here—does not have associational standing to bring this suit. *See* Br. in. Supp. of Renewed Transfer Mot. at 15–19 (May 28, 2024), ECF No. 95 ("Transfer Br.").

On June 13, Justice Thomas issued a concurring opinion about associational standing in *FDA v. Alliance for Hippocratic Medicine*, 602 U.S. 367, 144 S. Ct. 1540, 1565–71 (2024) (Thomas, J., concurring), a case addressing a membership association's standing to challenge certain regulatory actions. That concurrence raises serious concerns about associational standing, including whether it "can be squared with Article III's" limitations on judicial power. *Id.* at 1571. Justice Thomas explained that associational standing "seems to run roughshod over" the "traditional understanding" that "private parties could not bring suit to vindicate the . . . rights of" others "who are not before the court." *Id.* at 1566. And it "distorts" the "traditional understanding" that, for standing to exist, the court "must be able to provide a remedy that can redress *the plaintiff's* injury." *Id.* at 1567–68 (cleaned up, emphasis in original). Beyond those foundational concerns, Justice Thomas highlighted several other problems with associational standing, including that it "allows a party to effectively bring a class action without satisfying any of the ordinary requirements" and subverts ordinary preclusion principles and thus potentially "allow[s] a member two bites at the apple." *Id.* at 1568–69.

Justice Thomas's concurrence underscores why the Court should not allow Plaintiffs here to dramatically expand associational standing, beyond even what's allowed by the precedent Justice Thomas criticized in his concurrence. As the Bureau explained in its § 1406 motion, although some Plaintiffs in this case satisfy the prevailing test for associational standing, the Fort Worth Chamber—the sole Plaintiff who could allege venue here—flunks a key requirement of

2

the associational standing test: that the interests the association seeks to protect be "germane to the organization's purpose," *Students for Fair Admis., Inc. v. President & Fellows of Harvard Coll.*, 600 U.S. 181, 199 (2023). *See* Transfer Br. at 15–19. The Fort Worth Chamber's stated purpose is to build "a thriving business climate in the Fort Worth region." Montgomery Decl. in Supp. of PI ¶ 4, PI App'x at 21, ECF No. 5. But the interests it seeks to protect in this litigation are the interests of large card issuers to charge higher late fees. Not one such card issuer is based in (or even near) Fort Worth. If the germaneness requirement is to have any meaning, protecting those out-of-state issuers' interests cannot be deemed "germane" to the Fort Worth Chamber's Fort Worth-focused mission for Article III purposes. Allowing the Fort Worth Chamber to bring this suit—and secure venue in this Court—would stretch associational standing beyond even the limits in place now.

The Chamber of Commerce has elsewhere complained that this Court's consideration of whether to transfer this case out of Fort Worth "nearly thwarted [them] from having their case adjudicated where Congress deemed appropriate."[2] They have that wrong. Congress didn't deem the Northern District of Texas an appropriate venue for this suit—no plaintiff with standing resides here, and (as the Bureau explained in its pending motion) the events or omissions giving rise to Plaintiffs' claims did not occur here. Plaintiffs' complaints about needing to brief venue ignore that, as this Court has previously recognized, this case does not belong in the Northern District of Texas, and certainly not in Fort Worth. Because venue is improper in the Northern District—and because holding otherwise would improperly stretch the bounds of associational

---

[2] *See* Br. of U.S. Chamber of Com. as Amicus Curiae at 9, *In re MCP No. 185: FCC, In the Matter of Safeguarding and Securing the Open Internet*, No. 24-7000 (6th Cir. June 24, 2024), ECF No. 48, https://www.uschamber.com/assets/documents/U.S.-Chamber-Amicus-Brief-In-re-MCP-No.-185-Open-Internet-Rule-Sixth-Circuit.pdf.

standing and transgress Article III's limits—the Court should dismiss the case or transfer it to a proper venue under § 1406.

DATED: July 8, 2024

Respectfully Submitted,

SETH FROTMAN
*General Counsel*

STEVEN Y. BRESSLER
*Deputy General Counsel*

KRISTIN BATEMAN
*Assistant General Counsel*

*/s/ Stephanie B. Garlock*
STEPHANIE B. GARLOCK*
*Counsel*
D.C. Bar No. 1779629
JUSTIN M. SANDBERG*
*Senior Counsel*
Ill. Bar No. 6278377
JOSEPH FRISONE*
*Senior Counsel*
Va. Bar No. 90728
Consumer Financial Protection Bureau
1700 G St. NW
Washington, D.C. 20552
Stephanie.Garlock@cfpb.gov
Justin.Sandberg@cfpb.gov
Joseph.Frisone@cfpb.gov
(202) 435-7201 (Garlock)
(202) 450-8786 (Sandberg)
(202) 435-9287 (Frisone)
(202) 435-7024 (fax)

*Admitted pro hac vice*

*Counsel for Defendants the Consumer Financial Protection Bureau and Rohit Chopra*

**CERTIFICATE OF SERVICE**

    I hereby certify on July 8, 2024, a true and correct copy of this document was served electronically by the Court's CM/ECF system to all counsel of record.

                                               */s/ Stephanie B. Garlock*
                                               STEPHANIE B. GARLOCK