UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**CHAMBER OF COMMERCE OF THE
UNITED STATES OF AMERICA, ET AL.,**

 Plaintiffs,

v.                No. 4:24-cv-00213-P

**CONSUMER FINANCIAL PROTECTION
BUREAU, ET AL.,**

 Defendants.

# ORDER

 On June 18, 2024, the Fifth Circuit entered an Opinion in which the Circuit Court dissolved the administrative stay of this Court's May 28, 2024, Transfer Order, granted Plaintiffs' petition for writ of mandamus, and directed this Court to vacate its Transfer Order. *See* ECF No. 98. The mandate from the Fifth Circuit was originally slated to be issued on August 12, 2024, but upon motion by Defendants at the Fifth Circuit, the Fifth Circuit has since issued the mandate returning the case to this Court and the Court dissolved the Transfer Order and reopened the case. *See* ECF No. 104.

 In response to the reopening of the case, Defendants filed a Notice of Supplemental Authority to support their May 28 Motion to Transfer. *See* ECF No. 107. Upon a review of the Notice as well as a close reading of Justice Thomas's concurrence in *FCA v. Alliance for Hippocratic Medicine*, 602 U.S. 367, 397–405 (2024) (Thomas, J., concurring), the Court is deeply concerned with the issue of associational standing and how it can be used to challenge certain regulatory actions, as Plaintiffs seemingly do through their use of the Fort Worth Chamber of Commerce here. Indeed, the Fort Worth Chamber of Commerce is not only the only Party in this action actually located in the Fort Worth Division, but it only has one member affected by the CFPB's proposed rule and that member seemingly joined the Fort Worth Chamber of Commerce to

establish venue in this very busy division. Further, none of those perhaps most directly affected by proposed rule, the American consumer, are even parties to this lawsuit.

Accordingly, the Court desires full briefing on the issue of associational standing and how it relates to the facts and arguments in this case. It is imperative that the Court consider standing before expending any additional resources evaluating the merits of Plaintiff's requested relief. Afterall, Article III standing is a "bedrock constitutional requirement that [courts have] applied to all manner of important disputes." *United States v. Texas*, 599 U.S. 670, 675 (2023). Thus, every court must ask its plaintiff: "What's it to you?" A. Scalia, The Doctrine of Standing as an Essential Element of the Separation of Powers, 17 Suffolk U. L. Rev. 881, 882 (1983). Therefore, Defendants are **ORDERED** to file such a formal motion addressing Plaintiffs' standing on or before **5:00 p.m. on July 29, 2024**. Any response is to be filed by Plaintiffs on or before **5:00 p.m. on August 12, 2024**. Defendants' reply is to be filed on or before **5:00 p.m. on August 19, 2024**.

Further, the Court determines that motion would benefit from a hearing and thus **SETS** a hearing for **Tuesday August 27, 2024, at 2:30 p.m.** in the 4th floor courtroom of the Eldon B. Mahon Courthouse in Fort Worth, Texas.

**SO ORDERED** on this **18th day of July 2024.**

_____
Mark T. Pittman
UNITED STATED DISTRICT JUDGE