IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| CHAMBER OF COMMERCE OF THE UNITED STATES OF AMERICA; FORT WORTH CHAMBER OF COMMERCE; LONGVIEW CHAMBER OF COMMERCE; AMERICAN BANKERS ASSOCIATION; CONSUMER BANKERS ASSOCIATION; and TEXAS ASSOCIATION OF BUSINESS,<br><br>    Plaintiffs,<br><br>v.<br><br>CONSUMER FINANCIAL PROTECTION BUREAU; and RUSSELL VOUGHT, in his official capacity as Acting Director of the Consumer Financial Protection Bureau,<br><br>    Defendants. | Case No.: 4:24-cv-213-P |

**JOINT MOTION FOR ENTRY OF CONSENT JUDGMENT**

Defendants the Consumer Financial Protection Bureau and Russell Vought (collectively, the Bureau) and Plaintiffs[1] jointly move for (i) the entry of a consent judgment as to one claim contained in Count II of the Complaint (ECF 1) and (ii) dismissal of all other claims in the complaint with prejudice, including those contained in Counts I, III, IV, and V.

In support of this motion, the parties state the following:

---

[1] Chamber of Commerce of the United States of America, Fort Worth Chamber of Commerce; Long View Chamber of Commerce; American Bankers Association; Consumer Bankers Association; and Texas Association of Business.

1

1. On March 15, 2024, the Bureau issued a final rule on credit card late fees. *See Credit Card Penalty Fees (Regulation Z)*, 89 Fed. Reg. 19128 (Mar. 15, 2024) (Late Fee Rule or Rule). The Late Fee Rule repealed the then-existing safe harbor for a fee amount presumed to be "reasonable and proportional" to the late payment, under the Credit Card Accountability and Disclosure Act (the CARD Act), 15 U.S.C. § 1665d(a), and adopted a new, lower safe harbor amount. *Id.* at 19155.

2. Plaintiffs sued. Their Complaint raises five counts, including Count II, which alleges, in relevant part, that "[b]y repealing the old safe harbor . . . and not allowing issuers to charge fees [under the safe harbor provision] that sufficiently account for deterrence or consumer conduct, including with respect to repeat violations, the Final Rule violates the express requirements of the CARD Act." Compl., ¶ 89.

3. In its December 6, 2024, Opinion & Order—which addressed whether to continue an earlier preliminary injunction—this Court agreed that the "Final Rule … prevents card issuers from actually imposing penalty fees", as Plaintiffs' alleged in paragraph 89 of their complaint. ECF No. 128, at 9-12. Specifically, the Court held that Plaintiffs "maintain a strong likelihood of success on the merits" because the "Final Rule violates the statutory authority granted to the CFPB under the CARD Act" by failing to adequately account for deterrence in calculating the amount of the safe harbor fee. *Id.* at 12.

4. The parties agree that, in the Late Fee Rule, the Bureau violated the CARD Act by failing to allow card issuers to "charge penalty fees reasonable and proportional to violations," as set out by the Court, Opinion and Order, at 9-12. Thus, the Late Fee

2

Rule is contrary to law, in violation of the Administrative Procedure Act, 5 U.S.C. § 706(2).

5. In this Circuit, when an agency action is contrary to law, the "'default rule is that vacatur is the appropriate remedy.'" *Restaurant Law Ctr. v. Dep't of Labor*, 120 F.4th 163, 177 (5th Cir. 2024) (quoting *Data Mktg. P'ship, LP v. U.S. Dep't of Lab.*, 45 F.4th 846, 859 (5th Cir. 2022)); *see also Braidwood Mgmt., Inc. v. Becerra*, 104 F.4th 930, 952 (5th Cir. 2024); *Chamber of Com. of the U.S. v. U.S. Sec. & Exch. Comm'n*, 88 F.4th 1115, 1118 (5th Cir. 2023). The parties agree that the default rule applies in this case because the Bureau could not rectify the defect in the Late Fee Rule on a remand to the agency. *See Restaurant Law Ctr.*, 120 F.4th at 177.

6. Accordingly, the parties request that the Court enter a final judgment vacating the Late Fee Rule, for "prevent[ing] card issuers from actually imposing penalty fees," as stated in the Court's Opinion & Order, at 9-12.

7. The parties request that the Court dismiss the remaining claims, including Counts I, III, IV, V, with prejudice. The parties agree that such dismissal would not in any way foreclose constitutional or statutory challenges to other Bureau regulations, and the Bureau will not argue issue or claim preclusion forecloses such a future challenge.

8. Plaintiffs and Defendants will bear their own costs and fees.

DATED: April 14, 2025

Respectfully Submitted,

MARK PAOLETTA
*Chief Legal Officer*

VICTORIA DORFMAN
*Senior Legal Advisor*

STEVEN Y. BRESSLER
*Deputy General Counsel*

*/s/ Joseph Frisone*
JOSEPH FRISONE (*Pro Hac Vice*)
*Senior Counsel*
Va. Bar No. 90728
Consumer Financial Protection Bureau
1700 G St. NW
Washington, D.C. 20552
Joseph.Frisone@cfpb.gov
(202) 435-9287
(202) 435-7024 (fax)

***Counsel for Defendants the Consumer Financial Protection Bureau and Russell Vought***

*/s/ Michael Murray*
Michael Murray (*Pro Hac Vice*)
D.C. Bar No. 1001680
michaelmurray@paulhastings.com
T. Benton York (*Pro Hac Vice*)
D.C. Bar No. 230580
bentonyork@paulhastings.com
PAUL HASTINGS LLP
2050 M Street NW
Washington, DC 20036
(202) 551-1730

Philip Vickers
Texas Bar No. 24051699
pvickers@canteyhanger.com
Derek Carson
Texas Bar No. 24085240
dcarson@canteyhanger.com
CANTEY HANGER LLP
600 West 6th Street, Suite 300
Fort Worth, TX 76102
(817) 877-2800

***Attorneys for Plaintiffs***

Thomas Pinder (*Pro Hac Vice*)
D.C. Bar No. 451114
tpinder@aba.com

4

Andrew Doersam (*Pro Hac Vice*)
D.C. Bar No. 1779883
adoersam@aba.com
AMERICAN BANKERS ASSOCIATION
1333 New Hampshire Ave. NW
Washington, DC 20036

*Attorneys for Plaintiff American Bankers Association*

Jennifer B. Dickey (*Pro Hac Vice*)
D.C. Bar No. 1017247
jdickey@uschamber.com
Maria C. Monaghan (*Pro Hac Vice*)
D.C. Bar No. 90002227
mmonaghan@uschamber.com
U.S. CHAMBER LITIGATION CENTER
1615 H Street NW
Washington, DC 20062

*Attorneys for Plaintiff Chamber of Commerce of the United States of America*

## CERTIFICATE OF SERVICE

    I hereby certify that on April 14, 2025, a true and correct copy of this document was served electronically by the Court's CM/ECF system to all counsel of record.

                                                                            */s/ Joseph Frisone*  
                                                                            JOSEPH FRISONE